UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

BANXCORP,

                Plaintiff,

      v.

LENDINGTREE LLC,

                Defendant.

Civil Action No. 10-02467 (SDW)(MCA)

**[proposed] JOINT DISCOVERY PLAN**

---

1.  Set forth a factual description of the case. Include the causes of action and affirmative defenses asserted.

    Plaintiff BanxCorp alleges that Defendant LendingTree LLC entered into a conspiracy in restraint of trade and formed a cartel with their competitor Bankrate Inc., in violation of Section 1 of the Sherman Act by engaging in *per se* horizontal market division and customer allocation agreements, and *per se* horizontal price fixing agreements.

    Lending Tree denies that it entered into any illegal agreements, let alone any agreements that are *per se* illegal, denies the existence of any purported conspiracy, including denying that BanxCorp can prove that LendingTree entered into any agreement to restrain trade, or prove injury and causation, or prove non-speculative damages. Further, LendingTree asserts the affirmative defenses that BanxCorp lacks the requisite standing to bring its claim and has failed to plead a cognizable relevant market.

2.  Have settlement discussions taken place? Yes _____ No ____✓_____
    If so, when? _____

    (a) What was plaintiff's last demand?

        (1) Monetary demand: $500 million.
        (2) Non-monetary demand: _____

    (b) What was defendant's last offer?

        (1) Monetary offer: $ _____
        (2) Non-monetary offer: _____

3.  The parties have _____ have not ___x___ exchanged the information required by Fed. R. Civ. P. 26(a)(1). If not, state the reason therefor.

The parties agree to serve their Initial Disclosures on or before April 12, 2011.

4.  Describe any discovery conducted other than the above disclosures.

    BanxCorp intends to seek leave to avail itself of all discovery materials in the related Bankrate Action which pertain to this action, including LendingTree's documents in response to BanxCorp's subpoena.

    LendingTree has conducted no discovery in this action and has not had access to any of the discovery in the Bankrate Action.  Further, LendingTree objects at this time to the use of any discovery in the Bankrate Action for purposes of the prosecution of this action.

5.  Generally, dispositive Motions cannot be filed until the completion of discovery. Describe any Motions any party may seek to make prior to the completion of discovery. Include any jurisdictional Motions and Motions to Amend.

    BanxCorp is seeking leave to file a motion for summary judgment on liability issues as soon as practicable based on application of the *per se* standard and standing, in reliance upon the Court's February 7, 2011 Opinion.

    LendingTree objects because discovery has not yet begun and "dispositive Motions cannot be filed until the completion of discovery."

6.  The parties proposed the following:

    (a) Discovery is needed on the following subjects:

    BanxCorp is seeking to limit discovery on the following two subjects:

    > i.   Agreements between LendingTree and Bankrate Inc.
    > ii.  BanxCorp's damages.

    LendingTree is seeking discovery on the following additional subjects:

    > iii.  The role of LendingTree's "approximately 100 other horizontal competitors." FAC ¶ 14.
    > iv.   BanxCorp's standing to pursue its claim.
    > v.    The relevant market.
    > vi.   BanxCorp's customers, products or services offered, and the revenue received from such customers.
    > vii.  Product substitutes.
    > viii. BanxCorp's injury.
    > ix.   BanxCorp's showing of causation.
    > x.    BanxCorp's attempts to mitigate.
    > xi.   Any alleged injury to competition.

  xii.    Intervening or superseding acts of third parties.
  xiii.   The operation of the alleged conspiracy.

(b) Should discovery be conducted in phases? If so, explain.  No

(c) Number of Interrogatories by each party to each other party

   Plaintiff proposes 15 Interrogatories.  LendingTree proposes 35 interrogatories.

(d) Number of Depositions to be taken by each party: 3, plus third parties to be determined.

(e) Plaintiff's expert report/s due within 30 days of the completion of fact discovery;

(f) Defendant's expert report/s due [Plaintiff proposes 15 days and LendingTree proposes 40 days] after plaintiff's expert report is served.

(g) Motions to Amend or to Add Parties to be filed by [LendingTree proposes April 12, 2011].

(h) Dispositive motions

   BanxCorp's position is that this case is now ready for summary judgment on liability issues by virtue of the *per se* rule.

   LendingTree's position is that dispositive motions are improper until the completion of fact and expert discovery.

(i) Factual discovery to be completed by [Plaintiff proposes the same date as the related Bankrate Action, and LendingTree proposes November 1, 2011].

(j) Expert discovery to be completed by [Plaintiff proposes the same date as the related Bankrate Action, and LendingTree proposes January 31, 2012].

(k) Set forth any special discovery mechanism or procedure requested, including data preservation orders or protective orders:

   A protective order will be necessary to protect confidential information.

(l) A pretrial conference may take place on _____.

(m) Trial by jury or non-jury Trial? <u>Trial by Jury</u>.

(n) Trial date: _____.

7.  Do you anticipate any discovery problem(s)? Yes _____ No _____✓_____
    If so, explain.

8.  Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of state witnesses or documents, etc.)? Yes ___✓_____ No _____
    If so, explain.

    LendingTree will seek videotaped depositions and discovery from out-of-state witnesses, including third-party discovery of the many alleged co-conspirators.  *See, e.g.,* FAC ¶ 14 and Ex. A.

    BanxCorp objects to third-party discovery on liability issues, based on the *per se* rule.

9.  State whether this case is appropriate for voluntary arbitration (pursuant to L. Civ. R. 201.1 or otherwise), mediation (pursuant to L. Civ. R. 301.1 or otherwise), appointment of a special master or other special procedure. If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition of dispositive motions, etc.).

10. Is this case appropriate for bifurcation? Yes _____ No _____

    Plaintiff believes that bifurcation is appropriate.

    LendingTree believes that bifurcation is inappropriate on the basis that the issues of liability, causation, and damages are intertwined.

11. We <u>do not</u> consent to the trial being conducted by a Magistrate Judge.

Dated: March 25, 2011

*s/Nelson E. Canter*
Nelson E. Canter, Esq.
CANTER LAW FIRM P.C.
123 Main Street – 9th Floor
White Plains, New York 10601
(914) 948-3011
ncanter@canterlawfirm.com
*Attorneys for Plaintiff*

*s/ Sean J. Kirby*
 Sean J. Kirby (SK 9511)
 Daniel L. Brown (*pro hac* pending)
 Eric S. O'Connor (*pro hac* pending)
SHEPPARD MULLIN RICHTER &
HAMPTON LLP
30 Rockefeller Plaza
New York, New York 10112
(212) 332-3800
*Attorneys for Defendant LendingTree, LLC*
