# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| BANXCORP,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LENDINGTREE LLC, DOW JONES & COMPANY, INC., THE NEW YORK TIMES COMPANY, CNBC, INC., CABLE NEWS NETWORK, INC., MSNBC INTERACTIVE NEWS, LLC, FOX NEWS NETWORK, LLC, AOL INC., and MOVE, INC.,<br><br>　　　　Defendants. | Civil Action No. 10-cv-02467(SDW)(MCA)<br><br>**LENDINGTREE, LLC'S OPPOSITION TO PLAINTIFF'S MOTION TO CONSOLIDATE** |

SHEPPARD MULLIN RICHTER & HAMPTON LLP
Sean J. Kirby (SK 9511)
Daniel L. Brown (DB 0906) (*pro hac vice*)
30 Rockefeller Plaza
New York, New York 10112
Tel.: (212) 853-8700
Fax: (212) 853-8701
*Attorneys for Defendant LendingTree, LLC*

-i-

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ...............................................................................1

RELEVANT BACKGROUND FACTS....................................................................2

ARGUMENT ..............................................................................................................4

    A.    The Applicable Standard ................................................................................4

    B.    The Motion Should Be Denied Because This Action Is In Its Earliest Stages, And LendingTree Would Be Severely Prejudiced By Consolidation With The Bankrate Action, Where Discovery Is Nearly Complete ........................................................................................................5

    C.    The Motion Should Be Denied Because Plaintiff Fails To Satisfy Its Burden As The Proponent Of Consolidation.....................................................9

    D.    Plaintiff's Arguments About The *Per Se* Standard Are Irrelevant, Premature, And Further Support The Denial of Plaintiff's Motion ..............10

CONCLUSION .........................................................................................................12

## TABLE OF AUTHORITIES

Page(s)

Cases

*A.F.I.K. Holding SPRL v. Fass,*
   216 F.R.D. 567 (D.N.J. 2003)..................................................................................................8

*In re Air Crash Disaster at Florida Everglades on December 29, 1972,*
   549 F.2d 1006 (5th Cir. 1977) ..................................................................................................8

*Bruno v. Borough of Seaside Park,*
   No. Civ. 04-5084 (GEB), 2006 WL 2355489 (D.N.J. Aug. 14, 2006)......................................5

*In re Consol. Parlodel Litig.,*
   182 F.R.D. 441 (D.N.J. 1998)..................................................................................................4

*Gerlinger v. Amazon.com,*
   311 F. Supp. 2d 838 (N.D. Cal. 2004) ...................................................................................11

*Katz v. Realty Equities Corp. of New York,*
   521 F.2d 1354 (2d Cir. 1975)...................................................................................................4

*La Chemise Lacoste v. Alligator Co.,*
   60 F.R.D. 164 (D. Del. 1973) ...................................................................................................8

*Lewis v. Four B Corp.,*
   347 F. Supp. 2d 1017 (D. Kan. 2004)......................................................................................6

*Liberty Lincoln Mercury, Inc. v. Ford Marketing Corp.,*
   149 F.R.D. 65 (D.N.J. 1993)................................................................................................4, 8

*Mills v. Beech Aircraft Corp., Inc.,*
   886 F.2d 758 (5th Cir. 1989) ................................................................................................5, 7

*Schneck v. Int'l. Business Machines Corp.,*
   1996 U.S. Dist. LEXIS 10126 (D.N.J. June 24, 1996) .........................................................4, 9

*Single Chip Systems Corp. v. Intermec IP Corp.,*
   495 F. Supp. 2d 1052 (S.D. Cal. 2007)....................................................................................9

*Southwest Marine, Inc. v. Triple A Mach. Shop, Inc.,*
   720 F. Supp. 805 (N.D. Cal. 1989) ..........................................................................................4

*St. Bernard Gen. Hosp. v. Hosp. Service Ass'n,*
   712 F.2d 978 (5th Cir. 1983) ................................................................................................2, 6

*Transeastern Shipping Corp. v. India Supply Mission,*
   53 F.R.D. 204 (S.D.N.Y. 1971) ............................................................................................7, 9

Other Authorities

L. Civ. Rule 42.1 ..................................................................................................................1

Fed.R.Civ.P. 42(a) ...............................................................................................................4

Wright & Miller, *Federal Practice and Procedure: Civil* § 2383, at 44-47 (3d ed. 2010) .........5, 6

Defendant LendingTree, LLC, by and through undersigned counsel, submits the memorandum of law in opposition to the motion (the "Motion") of Plaintiff BanxCorp ("Plaintiff") to consolidate this action with the action entitled *BanxCorp v. Bankrate*, Civ. No. 07-3398 (SDW) (MCA) (the "Bankrate Action"), as follows.

## PRELIMINARY STATEMENT

Plaintiff's Motion, improperly filed only in this action,[1] seeks to consolidate this action with the Bankrate Action. The Bankrate Action was filed almost three years before this action and is near the close of discovery. In sharp contrast, discovery in this action has barely just begun. Because the two actions are at different stages of discovery with very different pre-trial schedules, consolidation would severely prejudice LendingTree.[2] In fact, absent a lengthy extension of the discovery period in the Bankrate Action – which would not in any way serve the purposes of efficiency and judicial economy – consolidation would require LendingTree to join a case that is far along the path to trial without having had an

---

[1] Plaintiff was required, but failed to, file its motion in the Bankrate Action. *See* Local Civ. Rule 42.1, CONSOLIDATION OF CASES ("A motion to consolidate two or more civil cases pending upon the docket of the Court shall be filed in the cases bearing the earliest docket number.").

[2] LendingTree intends to avail itself of any efficiency that could be obtained through a level of coordination between counsel to the two actions in order to avoid duplicative discovery. However, consolidation is not necessary to implement this coordination, especially where consolidation would severely prejudice LendingTree's right to follow the parties' negotiated and so-Ordered Scheduling Order already ordered by this court [Dkt. # 112]

opportunity for any discovery.  "Consolidation is inappropriate … if it leads to inefficiency, inconvenience, or unfair prejudice to a party." *St. Bernard Gen. Hosp. v. Hosp. Service Ass'n*, 712 F.2d 978, 989 (5th Cir. 1983).  However, that is precisely what would occur if this action was consolidated with the Bankrate Action.  For this reason alone the Court should deny the Motion.

The Motion should also be denied because Plaintiff fails to satisfy its burden on a motion to consolidate.  Rather than addressing the applicable standards, Plaintiff inexplicably devotes almost the entirety of its Motion to make the unremarkable point that it alleges a case against LendingTree that Plaintiff believes should be governed by the *per se* standard.  The question of whether or not Plaintiff has pled a claim that might ultimately be governed by the *per se* standard once the relevant factual record is developed is premature, and irrelevant to the issue of whether consolidation is appropriate here.

### RELEVANT BACKGROUND FACTS

On May 14, 2010, Plaintiff commenced this action against LendingTree, asserting a price fixing claim under the Sherman Antitrust Act and the New Jersey Antitrust Act.  (Dkt #1.)  On June 2, 2010, Plaintiff filed an Amended Complaint, in which it also named as defendants Dow Jones & Company, The New York Times Company, CNBC Inc., Cable News Network, Inc., MSNBC Interactive News, LLC, Fox News Network, LLC, AOL Inc., Move, Inc. (the "Media

Defendants") and hundreds of others. (Dkt #6.) BanxCorp alleges that it has been harmed in an amount in excess of $500 million. (Am. Compl. ¶ 21.)

On February 7, 2011, this Court granted the motion to dismiss the First Amended Complaint filed by the Media Defendants and denied LendingTree's motion to dismiss. (Dkt #94-95.)

On March 31, 2011, counsel for the parties attended the first Scheduling Conference before Magistrate Judge Madeline Cox Arleo. Following the Scheduling Conference, on April 4, 2011, the Court entered a Scheduling Order. (Dkt. # 112.)  The parties exchanged Initial disclosures on April 20, 2011. (*Id.*) On April 21, 2011, Defendant served a first set of Interrogatories and Requests for Production, with responses due on May 23, 2011. The current end date for discovery is November 1, 2011 and dispositive motions "shall not be filed" until at least December 2, 2011. (*Id.*)

In sharp contrast, the current end date for discovery in the Bankrate Action is June 30, 2011 (*see* Bankrate Action, Dkt. # 140), and BanxCorp recently sought leave to file a motion for summary judgment. (*Id.*, Dkt. # 222.)

Despite the foregoing, on April 20, 2011, Plaintiff filed a motion to consolidate this action with the Bankrate Action.

# ARGUMENT

## A. The Applicable Standard

Pursuant to Rule 42 of the Federal Rules of Civil Procedure:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed.R.Civ.P. 42(a). Rule 42(a) provides that the Court "may" order consolidation, and it is therefore a matter entrusted to this Court's discretion. *In re Consol. Parlodel Litig.*, 182 F.R.D. 441, 444 (D.N.J. 1998). *See also Katz v. Realty Equities Corp. of New York*, 521 F.2d 1354, 1358 (2d Cir. 1975). In addition, although cases "must" share a common question of law or fact as a prerequisite for consolidation, the "mere existence of common issues, however, does not require consolidation. *In re Consol. Parlodel Litig.*, 182 F.R.D. at 444 (*citing Liberty Lincoln Mercury, Inc. v. Ford Marketing Corp.*, 149 F.R.D. 65, 80-81 (D.N.J. 1993)); *Schneck v. Int'l. Business Machines Corp.*, 1996 U.S. Dist. LEXIS 10126, at *3 (D.N.J. June 24, 1996). Rather, the Court should balance "the interests of judicial economy against the potential for new delays, expense, confusion, or prejudice." *In re Consol. Parlodel Litig.,* 182 F.R.D. at 444. *See also Southwest Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F. Supp. 805, 807 (N.D. Cal. 1989) (to determine whether consolidation is warranted, the Court "weighs the interest of

judicial convenience against the potential for delay, confusion and prejudice caused by consolidation.").

**B.     The Motion Should Be Denied Because This Action Is In Its Earliest Stages, And LendingTree Would Be Severely Prejudiced By Consolidation With The Bankrate Action, Where Discovery Is Nearly Complete**

It is proper for a Court to deny a motion to consolidate when "two cases are at much different stages of litigation." *Bruno v. Borough of Seaside Park*, No. Civ. 04-5084 (GEB), 2006 WL 2355489, at *2 (D.N.J. Aug. 14, 2006). *See also Mills v. Beech Aircraft Corp., Inc.*, 886 F.2d 758, 762 (5th Cir. 1989) (holding that consolidation was improper where cases were filed two years apart; first was ready for trial and second required additional fact and expert discovery, because "[c]onsolidation may properly be denied in instances where the cases are at different stages of preparedness for trial."); 9A Wright & Miller, *Federal Practice and Procedure: Civil* § 2383, at 44-47 (3d ed. 2010) (court may deny consolidation "when one of the actions has proceeded further in the discovery process …").

Here, the Court's Scheduling Order in this action was filed on April 4, 2011. (Dkt. # 112.)  The current end date for discovery is November 1, 2011 and dispositive motions "shall not be filed" until at least December 2, 2011.  (*Id.*)  The

Scheduling Order is appropriate, if not aggressive, for a complex antitrust case in which a Plaintiff is seeking over $500 million in damages.[3]

In sharp contrast, the current end date for discovery in the Bankrate Action is June 30, 2011 (*see* Bankrate Action, Dkt. # 140),[4] and BanxCorp recently sought leave to file a motion for summary judgment. (*Id.*, Dkt. # 222.)

When courts are faced with motions to consolidate in this situation, *i.e.*, discovery is complete or nearly complete in one case, but in the early stages in the other case, such motions are routinely denied. *See, e.g., Lewis v. Four B Corp.*, 347 F. Supp. 2d 1017, 1020 (D. Kan. 2004) (refusing to consolidate two discrimination actions arising from the same disciplinary incident filed more than a year apart because discovery in the first had been completed for several months, but had not yet begun in the second action); *St. Bernard*, 712 F. 2d at 989 (affirming ruling that consolidation would be improper when one case was ready for trial, while the others were in the discovery stages, because "[c]onsolidation is inappropriate, however, if it leads to inefficiency, inconvenience, or unfair

---

[3] The Scheduling Order is, of course, potentially subject to extensions as the facts are developed and issues arise.

[4] Notably, it has taken Bankrate over three years to get to this point in discovery in the Bankrate Action. While LendingTree hopes that it does not confront similar discovery obstacles with BanxCorp or any number of third parties, at a minimum LendingTree will need at least the time so-Ordered in its current Scheduling Order.

prejudice to a party."); *Tran eastern Shipping Corp. v. India Supply Mission*, 53 F.R.D. 204 (S.D.N.Y. 1971) (denying motion to consolidate even though cases presented common questions, because some were ready for trial, some were in pretrial, and some had not yet entered pretrial).

*Mills* is instructive. In *Mills*, like here, the plaintiffs moved to consolidate with a case arising from the incident more than two years after the plaintiffs' case. *Mills*, 886 F.2d at 762. The district court denied the plaintiffs' motion to consolidate, finding that the litigant in the other case did not wish to be limited to plaintiffs' discovery and bound by plaintiffs' pretrial order. *Id.* The appellate court affirmed. *Id.*

Plaintiff's invocation of the *per se* rule further demonstrates the substantial prejudice – as well as the inefficiencies and further complications – that could ensue if this action were consolidated with the Bankrate Action. Specifically, Plaintiff has just recently sought leave to file a motion for summary judgment on its *per se* claims in the *Bankrate Action*, arguing that it is entitled to summary judgment because of evidence that Plaintiff obtained in discovery. (*See* Bankrate Action, Dkt. # 222.) However, LendingTree has not even had any opportunity to obtain discovery, which it is of course entitled to in order to defend this action.

In sum, other than a lengthy delay in the Bankrate Action (pending since August 2007), directly counter to efficiencies that a motion to consolidate should

-7-

seek to achieve, there is no reasonable way to consolidate these actions absent severe prejudice to LendingTree. Any advantages to judicial economy and convenience, even if possible (and none are apparent), do not outweigh the potential prejudice to LendingTree. *A.F.I.K. Holding SPRL v. Fass,* 216 F.R.D. 567, 570 (D.N.J. 2003) (on a motion to consolidate, courts should consider the "length of time required to conclude multiple lawsuits as a single one"); *Liberty,* 149 F.R.D. at 80 (consolidation inappropriate if it would lead to "inconvenience, delay, or expense"); *In re Air Crash Disaster at Florida Everglades on December 29, 1972*, 549 F.2d 1006, 1013 n.9 (5th Cir. 1977) (finding that the "principal limitation" on the use of Rule 42 is that district courts "must avoid prejudicing the rights of the parties"). *See La Chemise Lacoste v. Alligator Co.,* 60 F.R.D. 164, 176 (D. Del. 1973) ("more importantly, the cases should not be consolidated as a matter of sound judicial administration. C.A. No. 3876 has been pending since April 3, 1970 and is close to trial. The new action has only been recently instituted; undoubtedly much discovery will be needed to ready it for trial. The disposition of the earlier case should not be delayed by the later filed litigation.").

Moreover, if Bankrate is successful in its defense of the Bankrate Action, Plaintiff will be estopped from pursuing claims in this case inconsistent with determinations made against it in the Bankrate Action. Under those circumstances,

the greatest efficiency and judicial economy will be achieved if the Bankrate Action proceeds on a faster schedule than this Action.

Based on the foregoing, the Court should deny the Motion.

### C. The Motion Should Be Denied Because Plaintiff Fails To Satisfy Its Burden As The Proponent Of Consolidation

As the party moving for consolidation, Plaintiff bears the burden of persuading this Court that it should exercise its discretion to order consolidation for discovery and trial. *See Schneck*, 1996 U.S. Dist. LEXIS 10126, at *3 ("[t]o meet this burden, the movant must supply the court with assistance and 'marshall facts supporting consolidation'") (citation omitted); *Single Chip Systems Corp. v. Intermec IP Corp.*, 495 F. Supp. 2d 1052, 1057 (S.D. Cal. 2007) (the moving party bears the "burden of establishing that the judicial economy and convenience benefits of consolidation outweigh any prejudice.") (citation, punctuation omitted); *Transeastern*, 53 F.R.D. at 206 ("The burden is on the movant to convince the court that there should be consolidation.").

Here, however, rather than seeking to explain how or why an application of the standards applicable to a motion to consolidate warrant consolidation of this action with the Bankrate Action, Plaintiff instead devotes virtually all of its brief to stating general propositions about the application of the *per se* standard of review. (*See* Plaintiff's Motion at 3 to 8.) However, whether or not the *per se* rule will in fact ultimately govern some alleged agreement in this action and/or in the Bankrate

-9-

Action (and it will not) has no bearing on whether Plaintiff has satisfied its burden on a motion to consolidate. It has not, and for this reason alone, the Court should deny the Motion.

**D.     Plaintiff's Arguments About The *Per Se* Standard Are Irrelevant, Premature, And Further Support The Denial of Plaintiff's Motion**

It is entirely unclear what Plaintiff is seeking to accomplish with its lengthy arguments about the supposed application of the *per se* rule. At this stage of this action, the most that Plaintiff can claim is that it has *alleged* a claim that *might* be governed by the *per se* standard once the factual record is developed. As this Court noted in its Opinion: "Plaintiff has presented enough factual matter to support the *contention* that an agreement was made [with LendingTree] and that discovery *may reveal* evidence of an illegal agreement." (Dkt. # 94) (emphasis added, citation omitted).

Whether the per se rule will in fact govern some alleged agreement in this action is far from a settled matter given the very early stage of this action. And, while whether the per se rule, the rule of reason, or some other standard should eventually be applied to judge the alleged anticompetitive impact of any alleged agreement here is entirely irrelevant to Plaintiff's Motion, Defendant is compelled to briefly respond to Plaintiff's premature, erroneous argument that it can somehow establish per se liability.

Among other critical facts that will need to be established before the Court determines which standard of review will apply to one or more alleged agreements at issue are whether or not any alleged agreements between LendingTree and Bankrate were entered into with respect to activities in which Lending Tree and Bankrate were in fact direct competitors, whether any alleged agreements included any agreement to fix prices, and whether any alleged agreements contain any provisions in which Defendant agreed to allocate markets and whether any alleged agreements were entered into with either the purpose or effect to injure competition. In fact, once the facts are developed, it will be clear that there is no evidence of any such agreements, and any alleged agreement that survives summary judgment will be governed by the rule of reason. *See, e.g., Gerlinger v. Amazon.com*, 311 F. Supp. 2d 838, 848 (N.D. Cal. 2004) (agreement between Amazon.com and Borders to operate Border's Web site not subject to *per se* rule because the alleged agreement did not "set a minimum, maximum or range for the prices").

In sum, Plaintiff has failed to meet the burden applicable to a motion to consolidate and, therefore, the Motion should be denied.

## **CONCLUSION**

Based on the foregoing, the Court should deny the Motion to consolidate.

Dated: New York, New York
      May 2, 2011

Respectfully submitted,

**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**

By: _____s/ Sean J. Kirby_____
      Sean J. Kirby
      Daniel L. Brown (admitted *pro hac vice*)

30 Rockefeller Plaza
New York, New York 10112
Telephone:  (212) 653-8700
Facsimile:   (212) 653-8701

*Attorneys for Defendant LendingTree, LLC*