## MORDECHAI I. LIPKIS, ESQ.

350 BROADWAY, SUITE 1105
NEW YORK, NY 10013

TELEPHONE: 212-925-4023
FACSIMILE: 212-925-4702
E-MAIL: mlipkis@mlipkis.com

May 23, 2011

*Via ECF and FedEx*

Hon. Madeline C. Arleo, U.S.M.J.
United States District Court for the District of New Jersey
M.L. King, Jr. Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

Re: *BanxCorp v. LendingTree LLC*, Civ. No. 10-02467 (the "LendingTree Action")

Dear Judge Arleo:

We represent Plaintiff BanxCorp and write to advise the Court that the parties have completed document discovery in the LendingTree Action as of May 9, 2011, and that the LendingTree Action and the related Bankrate Action [*BanxCorp v. Bankrate Inc.*, Civ. No. 07-3398-SDW-MCA] are currently at practically the same stage of discovery.

Fact discovery in the Bankrate Action is currently set for completion on June 1, 2011 while fact discovery in the LendingTree Action appears to be erroneously scheduled for completion on November 1, 2011 [*see* Doc. No. 112, filed April 4, 2011].

Moreover, since the LendingTree Action involves only two counterparties and a single cause of action under Section 1 of the Sherman Act and the equivalent NJ Antitrust Act, it is further along its way to trial. In addition, Plaintiff does not expect to amend the pleadings, depose any witnesses (except for Defendant's expert witness if any) or produce outside expert reports in the LendingTree Action.

As such it would make logical sense to consolidate the parties' depositions in both actions which are expected to commence imminently, and to modify and consolidate the completion of fact discovery in both actions for **July 1, 2011**.

Since the antitrust injury and anticompetitive effects of the restraint of trade between LendingTree and Bankrate are conclusively presumed with no consideration given to the intent behind the restraint since the counterparties were horizontal competitors[1], the only inquiry is whether there was an agreement between LendingTree and Bankrate that restrained trade. Copies of the February 2, 2007 co-branding agreement between LendingTree and Bankrate have been produced in both actions, and have been submitted on the record.

---

[1] *See BanxCorp v. Bankrate Inc.*, Civ. No. 07-3398 at 6-7 (D.N.J. Sept. 14, 2009); *see also BanxCorp v. LendingTree LLC*, Civ. No. 10-246 at 7-10 (D.N.J. Feb. 7, 2011).

Hon. Madeline C. Arleo, U.S.M.J.
May 23, 2011
Page 2

Neither a relevant market nor an estimate of LendingTree's or Bankrate's market power must be established to prove that the restraint was unlawful *per se*.[2]

According to the *per se* rule of analysis applicable in this action, only issues of causation, injury and damages may require discovery for private recovery under Section 4 of the Clayton Act, 15 U.S.C. § 15.

The issues of antitrust injury and causation have already been publicly admitted and put to rest by Defendant Bankrate's CEO Tom Evans on May 2, 2007 within three months of its co-branding agreement with LendingTree, as follows: *"One of the things that is a tremendous gating item for us, we believe is in terms of competition, and barriers for competition, is how does anybody else break into this, if we have tied up all the best newspaper relations, the best co-brand relationships and we've got a dynamic organic traffic website. How does anybody else get into this business and compete with Bankrate?"* [Bankrate's Q1-07 Earnings Conference Call, document labeled BX000601]

Plaintiff has shown antitrust injury as a matter of law, and anticompetitive injury to itself, any other remaining independent competitors, and consumers.[3]

Plaintiff's burden of proving the fact of damage under § 4 of the Clayton Act would be satisfied by its proof of some damage flowing from Defendants' *per se* unlawful conduct; inquiry beyond this minimum point goes only to the amount and not the fact of damage.[4]

Requiring a plaintiff to demonstrate that an injury stemming from a *per se* violation of the antitrust laws caused an actual, adverse effect on a relevant market in order to satisfy the antitrust injury requirement comes dangerously close to transforming a *per se* violation into a case to be judged under the rule of reason.[5]

Since antitrust liability under Section 1 of the Sherman Act is joint and several, liability in this action and the related Bankrate Action is joint and several. Therefore, Plaintiff is not required to prove a causal connection between each of the injuries jointly caused by Bankrate and a particular co-conspirator such as LendingTree or any of Bankrate's 130 co-branding

---

[2] *See United States v. Topco Associates, Inc.,* 405 U.S. 596, 60(1972); *United States v. Socony-Vacuum Oil Co*., 310 U.S. 150, 223-24, 60 S.Ct. 811, 84 L.Ed. 1129 (1940); *Maricopa County Medical Soc'y,* 457 U.S. at 344, 102 S.Ct. 2466); *NCAA v. Bd. of Regents,* 468 U.S. 85, 100 (1984); *State Oil Co. v. Khan*, 522 U.S. 3, 10 (1997); *Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752, 768, 104 S.Ct. 2731, 81 L.Ed.2d 628 (1984); *Broad. Music, Inc. v. Columbia Broad. Sys.*, 441 U.S. 1, 19-20 (1979).

[3] *See* this Court's July 7, 2007 Opinion in the related Bankrate Action at 18; *see also* this Court's Feb. 7, 2011 Opinion in the LendingTree Action at 6-7.

[4] *See Zenith Radio Corp. v. Hazeltine Research, Inc*., 395 U. S. 100 (1969).

[5] *See Pace Elecs., Inc. v. Canon Computer Sys., Inc*., 213 F.3d 118, 123 (3d Cir. 2000).

Hon. Madeline C. Arleo, U.S.M.J.
May 23, 2011
Page 3

partners/competitors.[6]

     While the liability of each defendant may present separate and distinct issues entirely independent of each other, there is a single unified damage to the plaintiff.  Plaintiff is therefore entitled to shift the burden of proof on the issue of causation to Defendant. [7]

     In light of the foregoing we respectfully request that the Court modify and consolidate the completion of fact discovery in both actions for **July 1, 2011**, and set a trial date in both the LendingTree Action and Bankrate Action for **November 2011**.

            Respectfully submitted,

            Mordechai I. Lipkis
            *Admitted Pro Hac Vice*

            s/*Lawrence C. Hersh*
            Lawrence C. Hersh

cc:    Hon. Susan D. Wigenton, U.S.D.J. (*via ECF and FedEx*)
       All Counsel of Record (*via ECF*)

---

[6] *See In re Uranium Antitrust Litigation*, 617 F.2d 1248 (7th Cir.1980).

[7] *See generally Hall v. DuPont*, 345 F.Supp. 353, 370-380 (E.D.N.Y.1972); *see also Bogosian v. Gulf Oil Corp.,* 562 F.2d 434, 454 (3d Cir. 1977).