

30 Rockefeller Plaza | New York, NY 10112-0015
212-653-8700 office | 212-653-8701 fax | www.sheppardmullin.com

May 23, 2011

Writer's Direct Line: 212-634-3095
dlbrown@sheppardmullin.com

Our File Number: 04BR.160826

**VIA ECF AND FEDEX**

Hon. Madeline C. Arleo, U.S.M.J.
United States District Court for the District of
New Jersey
M.L. King, Jr. Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

Re: <u>BanxCorp v. LendingTree LLC</u>, Civ. No. 10-02467 (the "LendingTree Action")

Dear Judge Arleo:

      We are counsel for Defendant Lending Tree, LLC ("Defendant") in the above-entitled action, and write in response to the letter of today's date to Your Honor from counsel for BanxCorp ("Plaintiff"). As explained below, Plaintiff's conduct in unilaterally sending its unauthorized letter to the Court is improper and, indeed, sanctionable for several independent reasons.

      First, counsel's representation, without meeting and conferring, that fact discovery in this action "appears to be erroneously scheduled for completion on November 1, 2011" is fundamentally at odds with the Pretrial Scheduling Order itself, which provides that the scheduled dates "set forth herein are established with the assistance and knowledge of counsel" [Dkt. # 112]. Defendant has been engaging in and proceeding with discovery based and in reliance on the existing schedule that was set after consultation with counsel.

      Second, Plaintiff's letter was filed in clear violation of paragraph 4 of the Pretrial Scheduling Order entered in this action on April 4, 2011 which explicitly provides that a discovery-related issue may only be brought to the Court's attention "after the parties' good faith attempt to resolve the dispute has failed. <u>See</u> L. Civ. R. 16.1(f)(1)." <u>Id.</u> Plaintiff did not even attempt to discuss the subject matter of the letter with us prior to its filing.

      Third, Plaintiff's letter, without meeting and conferring, requests that that the Court "modify and consolidate the completion of fact discovery" in this action and the Bankrate Action[1] and set a common trial date in both actions for November, 2011. However, as this Court

---

[1] <u>See</u> <u>BanxCorp v. Bankrate, Inc.</u>, Civ. No. 07-03398 (the "Bankrate Action").

SHEPPARD MULLIN RICHTER & HAMPTON LLP

Hon. Madeline C. Arleo, U.S.M.J.
May 23, 2011
Page 2

knows, Plaintiff's motion to consolidate has been fully briefed, see Dkt. #'s 113, 116, and 117, and Plaintiff's letter is simply an improper attempt to submit an unauthorized surreply brief in connection with that pending motion.

Finally, Plaintiff's letter falsely represents to the Court that "the parties have completed document discovery in [this action] as of May 9, 2011." That statement is simply false. The only discovery that has proceeded thus far in this action is that, on May 9, 2011, Plaintiff responded to Defendant's First Set of Interrogatories and First Request for Production of Documents. Notably, Defendant's First Request for Production of Documents contained only a single request seeking documents produced in the Bankrate Action. Defendant intends to shortly serve document requests tailored to the allegations in this action. Defendant is also currently reviewing Plaintiff's responses to its initial discovery requests, and has requested a meet and confer with Plaintiff in connection with those responses. In addition, among the other discovery that Defendant intends to pursue in order to defend itself in this action are additional interrogatories, requests for admission, and party and non-party depositions (as well as documents from non-parties). In sum, discovery has only just begun, and Plaintiff's representation that discovery has been completed is baffling.

Based on the foregoing, the Court should ignore Plaintiff's unauthorized letter because it either improperly seeks to supplement the record relating to a pending motion, or purports to deal unilaterally, in violation of this Court's rules, with discovery issues that require counsel to meet and confer.[2]

---

[2] In order to quickly respond to Plaintiff's unauthorized filing, Defendant has not attempted to address each of Plaintiff's improper factual statements and erroneous statements of law made as part of its improper filing in connection with its consolidation motion, and we reserve all our rights to do so at a later date, as provided by this Court's rules. We note however, as set forth in Defendant's opposition to Plaintiff's motion to consolidate, that Plaintiff's ill-informed rants about the *per se* rule must be disregarded because, among other things, those arguments are based on Plaintiff's fundamental misconception that, because Plaintiff survived a motion to dismiss, there have been findings of fact and conclusions of law in his favor in this action. *See e.g.* "Plaintiff has shown antitrust injury as a matter of law, and anticompetitive injury to itself any other remaining independent competitors, and consumers." Plaintiff's letter at page 2, citing this Court's July 7, 2008 Opinion in the Bankrate Action at 18 [Dkt. # 20] and February 7, 2011 Opinion in this action at 6-7 [Dkt. # 94].

SHEPPARD MULLIN RICHTER & HAMPTON LLP

Hon. Madeline C. Arleo, U.S.M.J.
May 23, 2011
Page 3

                Respectfully yours,

                Daniel L. Brown
                *Admitted pro hac vice*

                s/ Sean J. Kirby
                Sean Kirby

                for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

DLB:meo

W02-EAST:7DLB1\200391433.2

cc:   Hon. Susan D. Wigenton, U.S. D.J. (via ECF and FedEx)
      All Counsel of Record (via ECF)