**MORDECHAI I. LIPKIS, ESQ.**
350 BROADWAY, SUITE 1105
NEW YORK, NY 10013

TELEPHONE: 212-925-4023
FACSIMILE: 212-925-4702
E-MAIL: mlipkis@mlipkis.com

June 26, 2011

*Via ECF and FedEx*

Hon. Madeline C. Arleo, U.S.M.J.
United States District Court for the District of New Jersey
M.L. King, Jr. Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

      Re:    *BanxCorp v. LendingTree LLC*, Civ. No. 10-02467-SDW-MCA

Dear Judge Arleo:

      I write on behalf of Plaintiff BanxCorp to object to Defendant LendingTree's proposed Order [Doc. No. 124-1] modifying Paragraph 7 of the April 4, 2011 Pretrial Scheduling Order [Doc. No. 112] by extending the time for Defendant to deliver affirmative expert reports by four and a half months from July 15, 2011 to December 1, 2011.

      Pursuant to Paragraph 19 of the Pretrial Scheduling Order, since all dates set forth therein are established with the assistance and knowledge of counsel, "there will be no extensions except for good cause shown" and by leave of Court, even with consent of all counsel. It does not appear that LendingTree has shown good cause for such extension, which would be prejudicial to Plaintiff. According to the Joint Status Letter [Doc. No. 123], both parties had concurred that the deadlines set in the April 4, 2011 Pretrial Scheduling Order appeared to be inconsistent.

      On June 9, 2011 Your Honor issued an Order Extending the Discovery Schedule in the related Bankrate Action [Doc. No. 247], so that fact discovery remains open until **August 31, 2011** [¶ 1]; affirmative expert reports shall be delivered by **September 30, 2011** [¶ 7]; and all responding reports shall be delivered by **October 15, 2011** [¶ 7].

      It is our understanding that during the June 21, 2011 status conference in this action, Your Honor directed the parties to coordinate depositions in the LendingTree Action and the related Bankrate Action. Therefore, in order to avoid inconsistent scheduling dates including duplicative depositions or expert discovery, it may be fair and logical to coordinate and adjust the dates of the Pretrial Scheduling Order in the more limited LendingTree Action with the dates of the June 9, 2011 Discovery Scheduling Order in the underlying Bankrate Action.

      Needless to say, LendingTree's three affirmative defenses [Doc. No. 99, at 13] are patently defective and do not warrant any *affirmative expert report*. LendingTree's arguments that the First Amended Complaint fails to state a claim upon which relief may be granted (1st Aff. Defense); that Plaintiff has failed to establish antitrust standing (2nd Aff. Defense); and that

Hon. Madeline C. Arleo, U.S.M.J.
June 26, 2011
Page 2

Plaintiff has failed to plead a cognizable relevant market[1] (3rd Aff. Defense), were already contradicted by this Court. *See* this Court's February 7, 2011 Opinion (Doc. No. 94).

Plaintiff further objects to LendingTree's letter e-mailed to me on June 20 at 9:42 p.m., *after* the filing of the Joint Status Letter by Plaintiff's local counsel Larry Hersh on the eve of the June 21 telephone status conference. LendingTree's counsel had ample opportunity to raise and outline in detail any known discovery issues or anticipated disputes prior to the filing of the Joint Status Letter on June 20. Instead, counsel is now raising new issues that are not warranted by existing law, and are apparently interposed for an improper purpose, such as to cause unnecessary delay and needlessly increase the cost of litigation.

LendingTree's counsel is aware that this Court concluded that "Plaintiff has presented enough factual matter to support the contention that an agreement was made [with LendingTree] and that discovery may reveal evidence of an illegal agreement … Plaintiff has adequately pleaded a horizontal price-fixing agreement between Bankrate and LendingTree." *See* Opinion at 8 and 10 (Doc. No. 94).

Moreover, the factual record already *revealed evidence* of two concurrent illegal agreements between Bankrate and LendingTree dated February 2, 2007, as well as market division, customer and revenue allocation, and price fixing across Bankrate's online network or cartel. [Reference is made to all documents produced and filed on the record in the Bankrate Action and LendingTree's own documents produced in this action].

Contrary to LendingTree's argument, Plaintiff can *irrefutably* claim at this stage of litigation in the LendingTree Action, that

(a) *Plaintiff has alleged a claim that is governed by the per se standard;* and

(b) *Discovery has revealed evidence of an illegal price fixing and market allocation agreement between two horizontal competitors at the same level of market structure.*

Therefore, it is futile for LendingTree to attempt to overturn numerous Supreme Court rulings during the past century pertaining to the *Sherman Act of 1890*, particularly given that one of the classic examples of a *per se* violation of Section 1 is an agreement between competitors at the same level of market structure.

In horizontal price-fixing and market allocation cases such as this, where the *per se* rule of analysis and discovery applies, the only inquiry is whether there was an agreement, since the unreasonableness of the restraint is conclusively presumed. *See, e.g. Maricopa County Medical*

---

[1] "As Professor Hovenkamp explains, "[c]ourts often say that a `naked' horizontal restraint is illegal `per se.' What this label means in practice is that (a) neither a relevant market nor an estimate of the defendants' market power must be established to prove that the restraint is unlawful; (b) harmful effects are presumed; and (c) the range of permissible defenses is severely limited." 11 H. Hovenkamp, Antitrust Law: An Analysis of Antitrust Principles and Their Application, ¶ 1910a at 252 (1998 ed.) (footnotes omitted)." *In re Cardizem CD Antitrust Litig.,* 105 F.Supp.2d 682, 693 (E.D.Mich.2000).

Hon. Madeline C. Arleo, U.S.M.J.
June 26, 2011
Page 3

*Soc'y*, 457 U.S. at 344, 102 S.Ct. 2466). "Certain agreements, such as horizontal price fixing and market allocation, are thought so inherently anti-competitive that each is illegal *per se* without inquiry into the harm it has actually caused." *Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752, 768, 104 S.Ct. 2731, 81 L.Ed.2d 628 (1984); *see also United States v. Topco Associates, Inc.*, 405 U.S. 596, 60(1972); *United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150, 223-24, 60 S.Ct. 811, 84 L.Ed. 1129 (1940); *NCAA v. Bd. of Regents*, 468 U.S. 85, 100 (1984); *State Oil Co. v. Khan*, 522 U.S. 3, 10 (1997); *Broad. Music, Inc. v. Columbia Broad. Sys.*, 441 U.S. 1, 19-20 (1979); *Business Electronics Corp. v. Sharp Electronics Corp.*, 485 U.S. 717, 723, 108 S.Ct. 1515, 99 L.Ed.2d 808 (1988); *Pace Elecs., Inc. v. Canon Computer Sys., Inc.*, 213 F.3d 118, 123 (3d Cir. 2000).

Nevertheless, LendingTree now purports to raise objections concerning Plaintiff's May 9, 2011 responses to LendingTree's requests for interrogatories, and is interposing certain self-serving "understandings" based on mischaracterizations which we dispute, and based upon the false premise that the *per se* rule of analysis does not apply in this action. In essence, LendingTree is attempting to have a largely academic *meet and confer discussion to reargue the law of the case* by presenting a frivolous argument for extending, modifying, or reversing existing law regarding the applicability of the *per se* rule of analysis which severely limits the scope of discovery.

Counsel for the parties have already met and conferred regarding the *per se* rule applicability as memorialized by the parties' March 25, 2011 Joint Discovery Plan [Doc. No. 106] and my May 27, 2011 letter to the Court [Doc. No. 121]. Another such meet and confer discussion would be redundant and impractical. Notwithstanding, while we have advised LendingTree's counsel that we are prepared to have a more reasonable meet and confer discussion in an attempt to resolve the limited scope of discovery imposed by the *per se* rule of analysis and any specific issues raised in good faith, the Court's intervention with respect to this issue appears to be inevitable.

                                                  Respectfully submitted,

                                                  Mordechai I. Lipkis

cc:    Hon. Susan D. Wigenton, U.S.D.J. (*via ECF and FedEx*)
        All Counsel of Record (*via ECF*)